T.C. Summary Opinion 2007-109


UNITED STATES TAX COURT



ABBOUD KORE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13888-06S.                    Filed June 26, 2007.



Abboud Kore, pro se.

<u>Michelle M. Kwon</u>, for respondent.


GERBER, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463[1] of the Internal Revenue Code in
effect at the time the petition was filed.  Pursuant to section
7463(b), the decision to be entered is not reviewable by any

_____

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect during the periods at issue,
and all Rule references are to the Tax Court Rules of Practice
and Procedure.

other court, and this opinion shall not be treated as precedent for any other case. In a notice of deficiency, respondent determined income tax deficiencies of $5,323 and $5,426 for petitioner's 2003 and 2004 tax years, respectively. Respondent also determined accuracy-related penalties under section 6662(a) of $1,064.60 and $1,085.20 for the 2003 and 2004 tax years, respectively. At trial, respondent conceded[2] that petitioner's income tax deficiencies should be reduced from $5,323 to $3,866 for 2003 and from $5,426 to $4,187 for 2004. Also, respondent conceded the section 6662(a) penalties for both years.

The issues remaining for our consideration are whether petitioner: (1) Is entitled to a dependency exemption for his nephew for 2003 or 2004; (2) is entitled to file using head of household filing status for 2003 and/or 2004; (3) is entitled to an earned income credit for 2003 or 2004; and (4) is entitled to a child tax credit for his nephew for 2003 and/or 2004.

Petitioner married in Egypt, and he and his wife moved to the United States during 1998. He and his wife had two children and lived in Hurst, Texas, at the time his petition was filed. Petitioner, although married during 2003 and 2004, used the filing status "married filing separately" in filing his Federal

---

[2] Respondent also conceded that petitioner is entitled to claimed dependency exemption for the one child petitioner had claimed on his 2003 and 2004 income tax returns. Respondent also conceded that petitioner is entitled to child care credits for that dependent child for the years 2003 and 2004.

income tax returns for those years.  For 2003 and 2004, petitioner claimed one of his two children as a dependent for purposes of claiming a dependency exemption.

Petitioner also claimed a dependency exemption for his brother's son (nephew), who was approximately 12 years old during 2003 and 2004.  Petitioner's brother resided in Sudan during 2003 and 2004.  During 2003, the nephew lived in petitioner's home, and petitioner provided all of the nephew's support.  During 2004, the nephew lived in petitioner's sister's home and petitioner provided some of the nephew's support, but petitioner did not know whether the amount he provided was more than one-half of the nephew's support.

The issues we consider depend largely on the seminal issue of whether petitioner's nephew was a dependent as defined in section 152 for 2003 or 2004.  Before the 2005 amendments to the Internal Revenue Code, section 152(a) defined a dependent as, among others, a taxpayer's niece or nephew over half of whose support was received from the taxpayer.  Sec. 152(a)(6).

Petitioner's nephew met the section 152 dependency tests for 2003, but not for 2004 because petitioner did not establish that he provided over half the nephew's support.  Accordingly, petitioner is entitled to claim a dependency exemption for his nephew for 2003, but not for 2004.

Respondent's position was that petitioner was not entitled to child tax credits for his nephew for 2003 and 2004 solely because respondent determined that the nephew did not qualify as petitioner's dependent for 2003 or 2004.  See sec. 24(c).  Because we have found that the nephew was petitioner's dependent for 2003, petitioner is entitled to a child tax credit for his nephew for 2003.  Conversely, petitioner is not entitled to the child tax credit for 2004 because his nephew did not qualify as petitioner's dependent for that year.

Finally, we consider, with respect to 2003 and 2004, whether petitioner is entitled to use the head of household filing status and/or is entitled to an earned income credit.  Petitioner is not entitled to that filing status or credit because he was married during 2003 and 2004.  An individual who is married at the end of the taxable year is not entitled to head of household filing status under section 2(b).  We note that a married individual, living with a spouse, can choose between joint filing status or married filing separately status.  Likewise, a married taxpayer must file a joint return in order to be qualified to claim the earned income credit.  Sec. 32(d).

To reflect the foregoing and to account for respondent's concessions,

> Decision will be entered
>
> under Rule 155.